## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Thomas M. Rice,<br>Penny L. Rice, | Court File No. 0:11-cv-00885 (PAM/SER) |
| Plaintiffs, | |
| vs. | |
| Aurora Loan Servicing,<br>John Doe, Jane Doe 1-10, | |
| Defendants. | |

## ORDER

The undersigned United States District Judge reviewed the parties' Stipulation executed November 16, 2011 and November 18, 2011. Christopher P. Parrington, Skjold & Parrington, PA, is the attorney of record for Plaintiffs Thomas M. Rice and Penny L. Rice ("**Plaintiffs**"). Caitlin R. Dowling and Robert Q. Williams, Wilford Geske & Cook, P.A., are the attorneys of record for Defendant Aurora Loan Services, LLC ("**Aurora**").

Based on the Stipulation of the parties submitted herewith, the Court makes the following:

## FINDINGS OF FACT

1. The property that is the subject matter of the above-captioned action is located at 6855 County Road 10 East, Chaska, Carver County, Minnesota 55318, and legally described as:

Part of the Northwest Quarter of Section 34, Township 116, Range 24, Carver County, Minnesota, described as follows: Commencing at the Northeast corner

of said Northwest Quarter of Section 34; thence on an assumed bearing of South 00 degrees 46 minutes 03 seconds West along the East line of said Northwest Quarter 112.35 feet; thence North 70 degrees 38 minutes 24 seconds West 69.63 feet to the point of beginning of the tract to be described; thence South 00 degrees 46 minutes 03 seconds West 1012.74 feet; thence South 88 degrees 20 minutes 10 seconds West 350.00 feet; thence North 00 degrees 46 minutes 03 seconds East 1100.09 feet to the North line of said Northwest Quarter; thence North 88 degrees 20 minutes 10 seconds East along said North line 119.23 feet; thence South 70 degrees 38 minutes 24 seconds East 243.26 feet to the point of beginning.

("**Property**").

2. On February 5, 2007, Plaintiffs executed and delivered to Lehman Brothers Bank, FSB a Promissory Note in the principal amount of $864,000.00. To secure the indebtedness evidenced by the Note, Plaintiffs simultaneously executed and delivered to Mortgage Electronic Registrations Systems, Inc., as nominee for Lehman Brothers Bank, FSB, a Mortgage encumbering the Property, dated February 5, 2007, and recorded by the Carver County Recorder on February 14, 2007 as Document No. A458978.

3. Upon Plaintiffs' default under the terms of the Note and Mortgage, Mortgage Electronic Registration Systems, Inc., and Aurora as servicer of the loan, initiated foreclosure by advertisement proceedings.

4. The Property was sold to Mortgage Electronic Registration Systems, Inc. at a Sheriff's Sale that occurred on November 5, 2010. The Sheriff's Certificate of Sale and Foreclosure Record, dated November 5, 2010, was recorded on November 8, 2010, as Document No. A528576, and was subsequently assigned to Aurora on January 14, 2011, which Assignment of

Sheriff's Certificate was recorded on January 21, 2011, as Document No. A532905.

5. No redemption from the Sheriff's Sale was made by Plaintiffs or any other party prior to the expiration of the redemption period on May 5, 2011.

6. On or about March 24, 2011, Defendants filed the above-captioned action in Carver County District Court challenging the validity of the foreclosure proceedings and Aurora's ownership of the Property. Aurora subsequently removed the case this Court on or about April 18, 2011.

7. Aurora, without in any way conceding the validity or sufficiency of any allegation, claim or contention of Plaintiffs in the above-captioned action, has agreed to voluntarily vacate and rescind the foreclosure sale and reinstate the Mortgage to its original lien position.

8. In exchange for Aurora's agreement to vacate and rescind the foreclosure sale, Plaintiffs have agreed to dismiss all claims with prejudice, and the Parties now desire to resolve all issues in this action by entering into a Stipulation and requesting the Court enter Judgment in this matter.

## ORDER

Based upon the foregoing findings, the Stipulation of the parties, as well as the files, records, and proceedings herein, IT IS HEREBY ORDERED:

1. The Mortgage Foreclosure Sale held November 5, 2010, as evidenced by the Sheriff's Certificate of Sale and Foreclosure Record dated November 5, 2010, and

recorded by the Carver County Recorder on November 8, 2010, as Document No. A528576, is hereby vacated.

    2.    The Mortgage dated February 5, 2007, and recorded by the Carver County Recorder on February 14, 2007, as Document No. A458978, is hereby revived and reinstated *nunc pro tunc* in all respects, including the power of sale contained therein, to its original lien priority over any and all claims that any and all persons and parties may have against the Property legally described as follows:

> Part of the Northwest Quarter of Section 34, Township 116, Range 24, Carver County, Minnesota, described as follows: Commencing at the Northeast corner of said Northwest Quarter of Section 34; thence on an assumed bearing of South 00 degrees 46 minutes 03 seconds West along the East line of said Northwest Quarter 112.35 feet; thence North 70 degrees 38 minutes 24 seconds West 69.63 feet to the point of beginning of the tract to be described; thence South 00 degrees 46 minutes 03 seconds West 1012.74 feet; thence South 88 degrees 20 minutes 10 seconds West 350.00 feet; thence North 00 degrees 46 minutes 03 seconds East 1100.09 feet to the North line of said Northwest Quarter; thence North 88 degrees 20 minutes 10 seconds East along said North line 119.23 feet; thence South 70 degrees 38 minutes 24 seconds East 243.26 feet to the point of beginning.

    3.    The parties shall provide a copy of this Order to the Carver County Sheriff's office, requesting that the Sheriff annotate his mortgage foreclosure records to show that the sale of the above-described Property held November 5, 2010, and evidenced by the Sheriff's Certificate of Sale and Foreclosure Record dated November 5, 2010, and recorded on November 8, 2010, as Document No. A528576, is void.

    4.    The parties shall deliver a certified copy of this Order to the Carver County Recorder to be recorded against the Property, which shall serve to vacate

the aforementioned foreclosure sale and reinstate the Mortgage herein without further action by the parties.

5. Plaintiffs' claims are hereby dismissed in their entirety and with prejudice.

6. Fees and costs shall not be awarded to any party.

7. Aurora, or its successors or assigns, shall not be prevented or in any way precluded from commencing foreclosure in the future, should the circumstances so warrant, and the Parties' settlement of this action shall not affect Plaintiffs' rights in any subsequent foreclosure proceeding.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November  29,  2011

**BY THE COURT:**

s/Paul A. Magnuson
PAUL A. MAGNUSON
United States District Judge